IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

MORRIS P. HARMON, JR., )
    Petitioner, ) CASE NO.    2:08-cv-1218 BJR
)
v. )
) ORDER RE: PETITION FOR
) WRIT OF HABEAS CORPUS AND
WARDEN DERRAL G. ADAMS, ) APPOINTMENT OF LEGAL COUNSEL
    Respondent. )
_____

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his November 20, 2004 conviction on forcible rape (Cal. Penal Code § 261(a)(2)) and kidnapping for the purpose of committing rape (§ 208(d)). Petitioner had two prior convictions for sex offenses (§ 667.71(a) & (d)) and three prior convictions for serious felony offenses (§§ 667 (a)-(i) & 1170.12). On December 20, 2004 Petitioner was sentenced to state prison for a term of seventy-five years to life on count one, fifteen years on the prior convictions, and four years, eight months for failing to register as a convicted sex offender.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

1

presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. *Picard*, 404 U.S. at 277-78; *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (holding that a petitioner must present both the factual and legal basis for the claim to state court in order to exhaust the claim). Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims generally must be dismissed "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510.

Petitioner raises five claims in his petition. He argues that he is entitled to federal habeas relief because: (1) he was denied effective assistance of counsel; (2) the trial court erroneously denied his motion to suppress the DNA evidence presented at trial; (3) his due process rights were violated because the trial court failed to give a lesser included offense instruction; (4) the trial court improperly imposed the upper term sentence; and (5) the admission of the trial

testimony of Sacramento County District Attorney Crime Laboratory criminalist Mark Eastman violated his constitutional rights. After reviewing the record in this action, the court finds that Petitioner has failed to exhaust state court remedies as to the first and fifth claims.  In the first claim—ineffective assistance of counsel—Petitioner alleges for the first time that his trial counsel had inappropriate contact with a member of the jury and the victim's mother, inappropriately referenced Petitioner's religious background in front of the jury, made sexual advances towards Petitioner and presented himself as a woman at some point during trial. (Trial counsel was born a man and presented himself as a man up to the point that he began to dress like a woman during trial.) The fifth claim—the admission of criminalist Mark Eastman's testimony at trial—also was not presented in state court.  Petitioner claims that he learned at some point in 2006 that Mr. Eastman had been fired by the Sacramento County District Attorney's Office for "mishandling DNA cases." These allegations were never presented in state court and are thus unexhausted.

Accordingly, Petitioner has three options with which to proceed: (1) the petition may be dismissed without prejudice and Petitioner can re-file after exhausting the unexhausted claims;[1] (2) Petitioner may amend the petition, dismiss the unexhausted claims, and proceed with only the exhausted claims;[2] (3) Petitioner may seek to invoke the three-step stay and abeyance procedure in which (a) he amends his petition to delete any unexhausted claims, (b) the court stays and holds in abeyance the amended, fully exhausted petition, allowing Petitioner the opportunity to

---

[1] Petitioner is cautioned that because the AEDPA's one year statute of limitations has run with respect to his claims, a dismissal without prejudice could effectively result in a dismissal with prejudice unless equitable tolling applied. *See* 28 U.S.C. § 2244(d)(1); *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[2] Petitioner is similarly cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. *Rose*, 455 U.S. at 520-21.

proceed to state court to exhaust the deleted claims, and (c) Petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.[3] In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel to assist Petitioner in reaching his decision. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent Petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition and this order on David Porter, Assistant Federal Defender.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements to receive copies of documents in the file.

4. Petitioner shall notify the court within ninety days of the date of this order how he intends to proceed with this action.

5. This matter will be dismissed without prejudice if the court does not receive notification from Petitioner within the specified time.

---

[3] Petitioner is further cautioned that he will still have to demonstrate the timeliness of his claims. *See, e.g., King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009) (stating that a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition). Petitioner may also seek to stay the petition, as is, while he exhausts his unexhausted claims in state court. *Rhine v. Weber*, 544 U.S. 269, 277 (2005). However, the Supreme Court has stated that this procedure "should be available only in limited circumstances." *Id*. Specifically, it is appropriate only when (1) good cause exists for a petitioner's failure to exhaust; (2) the petitioner's unexhausted claims are not "plainly meritless"; and (3) there is no indication that the petitioner engaged in "abusive litigation tactics or intentional delay." *Id*. at 278.

DATED this 16th day of April, 2010.

   /s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge