1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

8

9   MORRIS P. HARMON, JR.,                )
10                     Petitioner,         )      CASE NO.      2:08-cv-1218 BJR
                                           )
11         v.                              )
                                           )      ORDER REGARDING
12                                         )      MOTION TO STAY MIXED
     WARDEN DERRAL G. ADAMS,               )      PETITION AND HOLD IN
13                     Respondent.         )      ABEYANCE
                                    _____
14

15

16                          I.      INTRODUCTION

17         Petitioner Morris Harmon is a state prisoner proceeding pro se with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. §2254. On April 16, 2010, this court found certain of Mr.

19   Harmon's claims to be unexhausted, and appointed counsel to assist Mr. Harmon in deciding

20   how to proceed. On August 31, 2010, Mr. Harmon filed a motion requesting that the court stay

21   and hold in abeyance his habeas petition in accordance with *Rhine v. Weber*, 544 U.S. 269

22   (2005) or, in the alternative, *Kelly v. Small*, 315 F.3d 1063 (9th Cir.), *cert. denied*, 123 S.Ct. 2094

23   (2003). The State opposed the motion. Having reviewed the motion, opposition and the

24   supplemental briefing, the court hereby finds and rules as follows.

25

II.     DECISION

*A.     Stay and Abeyance of a Mixed Petition under Rhines and Kelly*

A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires that the prisoner give the state courts a "fair opportunity to act" on each of his claims before he presents those claims in a federal habeas petition. *Id*. at 844. In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that a "mixed" federal habeas petition—one that presents some exhausted and some unexhausted state claims—must be dismissed without prejudice. *Id*. at 520-22.  This total exhaustion requirement presented significant difficulties once Congress enacted AEDPA in 1996, imposing a one-year statute of limitations on the filing of habeas petitions in federal court. 28 U.S.C. § 2244(d). The AEDPA statute of limitations is tolled while a prisoner seeks collateral review in a state court, but not while the prisoner is in federal court. 28 U.S.C. §2244(d)(2).

The Supreme Court has recognized that the interplay between *Lundy* and AEDPA means that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) quoting *Rhines*, 544 U.S. at 275. In other words, if a prisoner files a timely, mixed petition and the district court makes a *Lundy* ruling after the one-year limitations period has run, the prisoner is precluded from filing a new federal habeas petition after exhausting those unexhausted claims. *Robbins,* 481 F.3d at 1147.

In response to this conundrum, the Ninth Circuit in *Calderon v. United States District Court ("Taylor")*, approved a three-step procedure commonly referred to as the "*Kelly* procedure." 134 F.3d 981, 986 (9th Cir. 1998); *Robbins*, 481 F.3d at 1148-49. Pursuant to the

2

*Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. *Kelly*, 315 F.3d at 1071. The Ninth Circuit has held that the *Kelly* procedure is "particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitations period." *Kelly*, 315 F.3d at 1070.

Thereafter, in *Rhines v. Weber*, the Supreme Court addressed the propriety of staying a mixed petition while a petitioner exhausts his unexhausted claims in state court. 544 U.S. at 271. The Court held that in limited circumstances and upon the court's discretion, a petitioner can have his entire petition stayed and placed in abeyance while he exhausts the unexhausted claims in state court. *Id*. at 273-74; *King v. Ryan*, 564 F.3d 1133 at 1135-36 (9th Cir. 2009). The *Rhines* procedure is only available if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Rhines,* 544 U.S. at 278.

There are two distinct differences between *Rhines* and *Kelly*. First, *Rhines* stays and holds in abeyance both the exhausted and unexhausted claims where *Kelly* requires the petitioner to delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition. This is an important distinction because under *Kelly* a petitioner would still have to re-attach his deleted claims within the AEDPA statute of limitations. *King*, 564 F.3d at 1138-39. Under *Rhines*, however, the petitioner does not have to worry about the statute of limitations because

3

his unexhausted claims would not have left federal court. *Id*. at 1139 citing *Rhines*, 544 U.S. at 277.

The second difference between the two procedures is that *Rhines* requires a showing of good cause, while *Kelly* does not. *King*, 564 F.3d at 1140. This is because *Rhines* carved out an exception to the *Lundy* total exhaustion rule, allowing a mixed petition to remain pending in federal court under limited circumstances. *Id*. In contrast, the *Kelly* procedure, because it does not leave a mixed petition pending, does not sanction any exception to *Lundy* and so does not present the same dangers of abuse. *Id*.

B.     *Good Cause Does Not Exist for Petitioner's Failure to Exhaust Claims*

Mr. Harmon contends that his defense counsel provided ineffective assistance by failing to raise a confrontation clause challenge to the DNA evidence presented at trial. The State concedes that this claim has been exhausted. However, in the Memorandum of Points and Facts attached to the Petition, Mr. Harmon raises several additional grounds as to why his defense counsel was ineffective, alleging among other things, that his attorney cross-dressed during trial, discussed Mr. Harmon's religious affiliation in front of the jury, made sexual advances toward him, and had inappropriate contact with members of the jury and the victim's mother. These additional claims have never been presented to the California courts and are thus unexhausted.

Mr. Harmon also asserts that his constitutional rights were violated by the trial court's denial of his motion to suppress DNA evidence presented at trial. The State concedes that this claim has been exhausted in state court. However, Mr. Harmon now asserts for the first time that the DNA evidence should have been excluded because the State's DNA expert, Sacramento County District Attorney Crime Laboratory criminalist Mark Eastman, has since been fired by the County for mishandling DNA evidence. Mr. Harmon claims that sometime in 2006 he heard

a news report on KCDA Channel Three News that Mr. Eastman was fired from the crime

laboratory for mishandling DNA evidence in "45 to 100 cases." This claim has not been

presented to the state courts and is therefore unexhausted.

Mr. Harmon claims that he failed to exhaust these claims in state court because: (1) his

appellate attorney failed to raise the additional grounds for the ineffective assistance of counsel

claim on direct appeal despite Mr. Harmon specifically asking him to do so; (2) he did not learn

about the controversy surrounding Mr. Eastman until 2006; (3) he is a layperson without

knowledge of the law; (4) he is incarcerated and indigent and unable to investigate his claims; (5)

until recently, he has been proceeding pro se on his habeas petition; and (6) the court did not rule

that the claims were unexhausted until April 16, 2010, nearly two years after he filed his petition.

"'[G]ood cause' for failure to exhaust does not require 'extraordinary circumstances.'"

*Jackson v. Roe*, 425 F.3d 654, 661-62 (9th 2005). Nevertheless, this court must interpret whether

a petitioner has "good cause" in light of the Supreme Court's instruction in *Rhines* that the

district court should only stay mixed petitions in "limited circumstances." *Id*. at 661. Mr.

Harmon concedes that he was aware of the additional factual bases for the ineffective assistance

of counsel claim at the time of his trial. He blames his failure to raise those claims in state court

on his appellate attorney, claiming that he instructed his attorney to raise the claims on appeal,

but his counsel failed to do so. It is well-established that this does not constitute "good cause" for

failing to exhaust a claim. *See Hernandez v. California*, 2010 WL 1854416 at *2 (N.D. Cal. May

6, 2010) citing *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (finding appellate

counsel's refusal to present claims on appeal is common occurrence of everyone with

unexhausted claims); *Gray v. Ryan*, 2010 WL 4976953 at * 4 (S.D. Cal. Oct. 27, 2010) (noting

that every habeas petitioner would be able to argue that appellate counsel failed to raise certain

issues against the petitioner's wishes to establish good cause). If Mr. Harmon wanted to raise

those issues and appellate counsel disagreed with him, Mr. Harmon could have raised them

himself at that time.

Next Mr. Harmon claims that he did not learn of the initial facts giving rise to the

Eastman claim until 2006. He claims that by the time he discovered the facts, his case had

already been submitted to the state appellate courts. However, this does not explain why he did

not challenge Mr. Eastman's testimony through a state habeas proceeding. Had he done so,

AEDPA's one-year statute of limitations would have been tolled while the state collateral review

was pending. Likewise, the fact that Mr. Harmon is incarcerated, indigent, and a layperson

without knowledge of the law does not constitute "good cause." To accept this as "good cause"

would render stay-and-obey orders routine—and would run afoul of *Rhine*s and its instruction

that district courts should only stay mixed petitions in "limited circumstances." *Id*. at 277.

Petitioner's strongest argument for establishing "good cause" is the protracted manner in

which his case was handled by the court. Petitioner's judgment was final on September 7, 2007.

He filed his federal habeas petition on June 2, 2008, three months before the AEDPA one-year

statute of limitations expired. On June 16, 2008, Magistrate Judge Moulds granted Mr. Harmon's

in forma pauperis application and directed the State to file a response within forty-five days.

After two thirty-day extensions, the State filed an Answer on September 16, 2008. The case then

sat dormant until it was reassigned to this court on March 2, 2010. This court issued the order

notifying Mr. Harmon that some of his claims had not been exhausted on April 16, 2010.

While a two-year-delay in ruling on an outstanding petition is not acceptable, it is not the

relevant issue here. The question is whether the court's actions prejudiced Mr. Harmon's ability

to exhaust his claims within the three month window that remained in the AEPDA limitation

6

period at the time he filed his petition. The answer is no. Mr. Harmon was aware that the Eastman claim had not been exhausted in state court. He stated so in his petition. (Dkt. No. 1 at 6.) As to the additional grounds for his ineffective assistance of counsel claim, he has admitted that he was aware that his appellate counsel did not raise those grounds on appeal. It is disingenuous to use the court's delay to justify his own failure to act.

Nevertheless, Mr. Harmon is entitled to proceed under the *Kelly* procedure. "The exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year [AEDPA statute of limitation]." *Kelly*, 315 F.3d at 1070; *see also Olvera v. Giurbino*, 371 F.3d 569, 574 (9th Cir. 2004) (finding an abuse of discretion because the district court failed to grant a stay when the petitioner could not have exhausted his claims and returned to federal court within AEDPA's deadline).

III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Petitioner has forty-five (45) days from the date of this order to file an amended and fully exhausted petition;

2.   The fully exhausted petition will be stayed and held in abeyance;

3.   Petitioner is instructed to file a status report as to the status of the state court proceedings within ninety (90) days of the date of this order;

4.   Petitioner must file a motion for leave to amend the petition within forty-five (45) days of the final action of the state court proceedings.

**FAILURE TO COMPLY WITH THESE INSTRUCTIONS AND TIME ALLOWANCES WILL RESULT IN THIS COURT VACATING THE STAY *NUNC PRO TUNC* TO THE**

**DATE OF THIS ORDER**. *See Rhines*, 544 U.S. at 278.

DATED this 30th day of March, 2011.


*/s/ Barbara Jacobs Rothstein*


Barbara Jacobs Rothstein
U.S. District Court Judge