IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

MORRIS P. HARMON, JR.,        )
                  Petitioner,        )        CASE NO.      2:08-cv-1218 BJR
                                     )
        v.                           )
                                     )        ORDER GRANTING REQUEST
                                     )        TO CONTINUE APPOINTMENT
WARDEN DERRAL G. ADAMS,        )        AND FOR CJA FUNDING
                  Respondent.        )
                              _____

I.        INTRODUCTION

        Before the court is Petitioner's *ex parte* request for a preliminary determination on

whether pursuing state remedies on unexhausted claims constitutes an "ancillary matter," and

thereby, compensable under the Criminal Justice Act (the "CJA") as part of the representation in

the principal matter for which counsel was appointed. Petitioner also seeks CJA funding to

investigate the unexhausted claims. The court has reviewed the relevant documents filed by the

parties and, being fully informed, finds and rules as follows:

II.        BACKGROUND

        Petitioner, Morris Harmon, is a state prisoner proceeding with a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his November 20, 2004 conviction of

forcible rape and kidnapping for the purpose of committing rape. In his federal habeas petition,

he raised two unexhausted claims: (1) ineffective assistance of counsel, and (2) the erroneous admission of the trial testimony of Sacramento County District Attorney Crime Laboratory criminalist Mark Eastman. (Dkt. No. 1.). On April 16, 2010, this court appointed counsel to assist Mr. Harmon in deciding how to proceed on the unexhausted claims. (Dkt. No. 28.). On August 31, 2010, Mr. Harmon filed a motion requesting that the court stay and hold in abeyance his habeas petition in accordance with *Rhine v. Weber*, 544 U.S. 269 (2005) or, in the alternative, *Kelly v. Small*, 315 F.3d 1063 (9th Cir.), *cert. denied*, 123 S.Ct. 2094 (2003). (Dkt. No. 35.). The State opposed the motion. (Dkt. No. 36.). The court denied Mr. Harmon's request to stay and hold in abeyance his petition under *Rhine*, but granted his request to proceed under *Kelly*. (Dkt. No. 46, March 30, 2011 Order.). The court instructed Mr. Harmon to file an amended, fully exhausted petition, and to file a status report updating the court on the status on the state court proceedings within ninety days. *Id*.

Thereafter, in May 2011, Mr. Harmon filed an amended, fully exhausted habeas petition in accordance with the court's instructions. (Dkt. No. 47.). In a letter dated May 4, 2011, Mr. Harmon's counsel requested that this court provide a "preliminary determination that the representation to be provided in [the state court proceedings] is compensable under section (c) of the CJA." The court denied the request pointing out that "[c]ounsel's appointment terminated upon the filing of the amended federal habeas petition." (Dkt. No. 49 (Minute Order dated June 2, 2011).).

However, the court stated that "[i]f counsel believes that there are special circumstances in this case that warrant a continued appointment, he is instructed to notify the court in writing by [June 15, 2011]." *Id*. Counsel filed a request and supplemental request to continue his appointment. (Dkt. Nos. 50 and 51.). Counsel argues that his continued appointment is necessary

2

because "this is a complex case" involving DNA and alleged misconduct by trial counsel. (Dkt. No. 50.).

### III.   ANALYSIS

The CJA authorizes the court to pay for attorneys assigned to represent indigents in habeas corpus actions. 18 U.S.C. § 3006A(a)(2)(B). "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). "In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." *See* CJA Guidelines § 210.20.30(b). The district court, in limited circumstances, has the ability to provide funding for a petitioner to pursue claims in state court. *See, e.g., Harbison v. Bell*, 556 U.S. 180 (2009) (authorizing funding under 18 U.S.C. § 3599(e) for state clemency hearings); *Green v. Carey*, 2009 WL 3273290 (E.D. Cal. Oct. 9, 2009) (granting CJA funding to exhaust state court proceedings).

Mr. Harmon requests that the court extend counsel's appointment so that counsel can assist him in exhausting his state remedies. He also seeks funds so that he can hire an investigator to investigate the claims. He argues that this work falls squarely within the "ancillary proceedings" section of the CJA because exhausting the state remedies is necessary to protect his constitutional rights and is essential to the disposition of his federal habeas case.

The court is not persuaded that further representation is warranted on the ineffective assistance of counsel claim—the claim is not unique or legally complex. However, the court is persuaded that continued representation on the Eastman claim is appropriate. The Eastman claim

1   raises serious allegations concerning the integrity of the DNA evidence presented at trial, and

2   justice requires that the claim be fully investigated. The court is skeptical that Mr. Harmon can

3   adequately investigate the claim from the confines of state prison without the assistance of

4   counsel. As such, the court will extend counsel's appointment and authorize CJA funding, with

5   the following limitations:

6          (1)     CJA funds are only to be used to investigate and exhaust the

7   Eastman claim;

8          (2)     CJA compensation for this work will not exceed $3,200 for

9

10  attorney's fees and $800 for investigation fees; and

11         (3)     Unless authorized by this court at a later date, counsel's

12  appointment will expire once the stay has been lifted in the present case.

13                          IV.   <u>CONCLUSION</u>

14  Based on the foregoing, IT IS HEREBY ORDERED that:

15         1.      Mr. Mark D. Eibert is appointed to represent Petitioner Morris

16  Harmon in investigating and exhausting state remedies with respect to the

17

18  Eastman claim;

19         2.      CJA funding is authorized to investigate and exhaust the Eastman

20  claim, up to: (a) $3,200 for attorney's fees, and (b) $800 for investigation fees;

21         3.      Mr. Eibert's appointment will expire when the stay in this case is

22

23  lifted; and

24

25

4

1
2
3          4.      Petitioner is instructed to file a status report within ninety (90)

4    days of the date of this order updating the court on the status of the state court

5    proceedings.

6
7    DATED this 18th day of July, 2011.

8
9                                            /s/ Barbara Jacobs Rothstein

10
11                                      Barbara Jacobs Rothstein
                                        U.S. District Court Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25