IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS P. HARMON, JR.,<br>      Petitioner,<br><br>v.<br><br>WARDEN DERRAL G. ADAMS,<br>      Respondent.<br>_____ | CASE NO.   2:08-cv-1218 BJR<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO EXHAUST STATE CLAIMS AND DENYING MOTION TO AMEND PETITION |

    Before the court is Petitioner Morris Harmon's Motion to Amend Petition to Dismiss Unexhausted "Eastman Claim" (dkt. No. 54), Motion to Stay Mixed Petition and Hold in Abeyance, and Motion to Extend Time to Exhaust Unexhausted Claims. (Dkt. No. 55.). The court has reviewed the motions and, being fully informed, finds and rules as follows:

    Mr. Harmon is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his November 20, 2004 conviction of forcible rape and kidnapping for the purpose of committing rape. In his federal habeas petition, he raised two unexhausted claims: (1) ineffective assistance of counsel, and (2) the erroneous admission of the trial testimony of Sacramento County District Attorney Crime Laboratory criminalist Mark Eastman. (Dkt. No. 1.). On April 16, 2010, the court appointed counsel to assist Mr. Harmon in determining how he wished to proceed on the unexhausted claims. (Dkt. No. 28.).

1

Thereafter, on August 31, 2010, Mr. Harmon filed a motion to stay and hold in abeyance his habeas petition in accordance with *Rhine v. Weber*, 544 U.S. 269 (2005) or, in the alternative, *Kelly v. Small*, 315 F.3d 1063 (9th Cir.), *cert. denied*, 123 S.Ct. 2094 (2003). (Dkt. No. 35.). The State opposed the motion. (Dkt. No. 36.). The court denied Mr. Harmon's request to stay and hold in abeyance the petition under *Rhine*, but granted his request to proceed under *Kelly*. (Dkt. No. 46, March 30, 2011 Order.). The court instructed Mr. Harmon to file an amended, fully exhausted petition, and to file a status report updating the court on the status on the state court proceedings within ninety days. *Id*. Mr. Harmon filed the amended, fully exhausted petition on May 16, 2011. (Dkt. No. 47.).

The present motions were filed on October 17 and 20, 2011. (Dkt. No. 54 and 55.).[1] In the motion to amend, petitioner requests leave to amend the federal petition by dismissing the "Eastman Claim." This motion will be stricken from the record as moot. Per the court's July 18, 2011 order, the current operative petition does not include the Eastman Claim. (See Dkt. Nos. 46 and 47.).

Next, petitioner requests that the court continue to stay the petition and also requests an extension of time within which to exhaust the state claims. (Dkt. No. 55.). He informs the court that he filed a writ for habeas corpus in Sacramento Superior Court in September, 2011 and the petition was denied as untimely on October 5, 2011. (*Id*.). Petitioner plans to appeal this decision

---

[1] Attorney Mark Eibert was appointed to represent Mr. Harmon. Per the court's April 16, 2010 order, Mr. Eibert's appointment expired upon the filing of the amended, fully exhausted petition. (Dkt. No. 28.). Thereafter, Mr. Harmon requested that the court re-appoint Mr. Eibert to assist him with the state court proceedings. (Dkt. No. 50.). On July 18, 2011, the court continued Mr. Eibert's appointment, but for the limited purpose of investigating and exhausting the "Eastman Claim" in state court. (Dkt. No. 53.). The court also continued the stay of the amended petition, which was previously entered on June 2, 2011. (*See* Dkt. Nos. 47 and 53.). Per the terms of the July 18, 2011 order, Mr. Eibert's representation remains in effect until the stay is lifted. (Dkt. No. 53 at 4.). In the motion to amend the petition currently before the court, counsel assumes that his appointment expired upon the dismissal of the Eastman Claim. (Dkt. No. 54.). Presumably, this is why the motion to continue the stay and motion to extend the time to exhaust the state claims were filed directly by petitioner. (Dkt. No. 55.). Counsel is incorrect. His appointment remains in effect and will not expire until the present stay is lifted. (*See* Dkt. No. 53 at 4.).

to the California Court of Appeals and requests that the court continue the stay of the present petition while he proceeds in state court. The court will grant this request.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Motion to Amend Petition to Dismiss Unexhausted "Eastman Claim" is STRICKEN as MOOT;

2. The motion to continue to stay the present case is GRANTED; and

3. The motion to extend time to exhaust claims in state court is GRANTED.

4. Petitioner must file a status report within 90 days of the date of this order notifying the court of the status of the state court proceedings.

DATED this 31st day of October, 2011.

/s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge