UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS P. HARMON, JR., | No. 2:08-cv-1218 GEB KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN DERRAL G. ADAMS, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner proceeding through counsel. On March 19, 2013, petitioner filed a motion for leave to file a second amended petition for writ of habeas corpus, along with the proposed second amended petition. Respondent opposes the motion. As discussed below, the court recommends that petitioner's motion to amend be denied, and this action proceed on petitioner's May 15, 2011 amended petition.

II. Background

On May 29, 2008, under the mailbox rule, petitioner filed his original federal petition. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing, and applies to both state and federal filings by incarcerated parties). Petitioner raised the following claims in his original, pro se petition:

1

1. Ineffective assistance of counsel;[1]

2. The trial court erroneously denied petitioner's motion to suppress the DNA evidence presented at trial;

3. Petitioner's due process rights were violated because the trial court failed to give a lesser-included offense instruction;

4. The trial court improperly imposed the upper term sentence in violation of the Apprendi/Blakely[2] doctrine; and

5. The admission of the trial testimony of Sacramento County District Attorney Crime Laboratory criminalist Mark Eastman violated petitioner's constitutional rights.

(ECF No. 1; 28 at 2-3.)

On September 16, 2008, respondent filed an answer, noting that certain claims were unexhausted.[3]  (ECF No. 16.)

---

[1] In the original petition, petitioner raised five ineffective assistance of counsel claims:  defense counsel (1) failed to raise a confrontation clause challenge to the DNA evidence presented at trial; (2) had inappropriate contact with a member of jury and the victim's mother; (3) inappropriately referenced petitioner's religious background in front of the jury; (4) made sexual advances towards petitioner; and (5) presented himself as a woman at some point during trial.  Only the first ineffective assistance of counsel claim was exhausted at the time the original petition was filed.

[2] The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  In Blakely v. Washington, 542 U.S. 296, 303-04 (2004), the Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction.

[3] In the answer, respondent stated that:

(a) the "petition does not appear subject to dismissal as untimely filed, 28 U.S.C. § 2244(d)(1)(A)."  (ECF No. 16 at 7.)
(b) "[a]ny new claims raised in conjunction with these exhausted claims have never been presented to the California courts and are thus unexhausted."  (ECF No. 16 at 8.)
(c) Petitioner's Mark Eastman claim was unexhausted.  (Id.)
(d) Petitioner's claim that his rights were violated by the trial court's denial of his motion to suppress the DNA evidence was procedurally defaulted.   (ECF No. 16 at 8),

On March 2, 2010, this action was transferred to a visiting district judge for all further proceedings. (ECF No. 26.)

On April 16, 2010, the district court found that petitioner's claims one and five were unexhausted. (ECF No. 28.) The court found petitioner had three options, and appointed counsel to represent him. (ECF No. 28.) The court warned petitioner that because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one year statute of limitations period, and the "AEDPA's one year statute of limitations has run with respect to his claims, a dismissal without prejudice could effectively result in a dismissal with prejudice unless equitable tolling applied." (ECF No. 28 at 3 n.1.) Petitioner was also cautioned that if he later sought to amend to add newly-exhausted claims, he would still have to demonstrate the timeliness of his claims, citing King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009) (petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition). (ECF No. 28 at 4 n3.)

On August 31, 2010, petitioner's counsel filed a motion for stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), to return to state court and exhaust claims one and five. (ECF No. 35.) Respondent opposed the motion. (ECF No. 36.)

On October 22, 2010, the district court requested "supplemental briefing on whether the unexhausted claims in the instant petition are procedurally defaulted in state court because the state statute of limitations has expired," citing Woodford v. Ngo, 548 U.S. 81, 92-93 (2006). (ECF No. 38.) ("In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default. . . . if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

On October 27, 2010, petitioner's counsel filed a motion for substitution of counsel, which the district court granted. (ECF Nos. 39-40.)

////

////

3

On November 18, 2010, respondent filed a document styled "Supplemental Answer."[4] (ECF No. 41.) Respondent noted that petitioner had not yet filed a petition for writ of habeas corpus in the state court, and claimed that respondent did not know whether petitioner's unexhausted claims would be deemed procedurally barred as untimely in the state court. (ECF No. 41 at 4.) Respondent argued that it was unlikely that a habeas petition containing the unexhausted claims would be deemed timely. (ECF No. 41 at 6.)

On January 26, 2011, petitioner's new counsel filed a reply to the opposition to petitioner's motion for stay and abeyance, and to respondent's supplemental answer. (ECF No. 45.) Petitioner argued that he should be granted stay and abeyance under Rhines. (ECF No. 45 at 4.) Petitioner contended that good cause was demonstrated by (a) petitioner's claim that he asked his prior state appellate attorney to raise the ineffective assistance of counsel claims, but counsel failed to do so; (b) petitioner did not learn of facts related to Mark Eastman until 2006; (c) petitioner was incarcerated and indigent and lacked the resources to investigate all claims; (d) petitioner was a layperson suffering from the trauma of his sentence and did not know how to proceed; and (e) this court did not rule that petitioner's claims were unexhausted until April 16, 2010. (ECF No. 45 at 4-5.) Petitioner argued that his unexhausted claims were not plainly meritless, and that if the DNA evidence were excluded based on petitioner's claim concerning Mark Eastman, the state's case would disappear inasmuch as the victim was unable to identify petitioner as her assailant. (ECF No. 45 at 5-6.) In addition, petitioner argued that the court should find respondent waived its claim to procedural default because respondent allegedly failed to raise it in their initial responsive pleading, and that, in any event, respondent failed to prove that California's timeliness bar was sufficiently clear and certain to be an adequate state bar. (ECF No. 45 at 8-10.) Petitioner contended that cause and prejudice existed for the same reasons that good cause and a nonmeritless claim existed for stay and abeyance purposes. (ECF No. 45 at 10.)

---

[4] Petitioner contends this "supplemental answer" is untimely as it was filed over two years after the initial answer. (ECF No. 45 at 8.) However, respondent's filing was made in response to the district court's further briefing order.

4

1    On March 31, 2011, the district court addressed the motion for stay, reminding the parties of the differences between a stay granted under Rhines versus a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir.), cert. denied, 123 S. Ct. 2094 (2003).[5]  (ECF No. 46 at 2-3.)  Importantly, the district court noted that under Kelly, "a petitioner would still have to re-attach his deleted claims within the AEDPA statute of limitations."  (ECF No. 46 at 3.)  The district court found that no good cause existed for a stay under Rhines.  (ECF No. 46 at 4-5.)  The district court noted that had petitioner pursued the Eastman claim by filing a state habeas proceeding shortly after he learned of the facts in 2006, the statute of limitations period would have been tolled during the pendency of the state collateral review.  (ECF No. 46 at 6.)  The district court confirmed that the court's two year delay in ruling on the petition was not acceptable, but found such delay irrelevant because petitioner was aware at the time he filed the original petition that the Eastman claim was not exhausted because petitioner said so in his petition.  (ECF No. 1 at 6.)  The district court noted that petitioner admitted he was aware that his appellate counsel did not raise the ineffective assistance of counsel claims on appeal.  (ECF No. 46 at 7.)  Nevertheless, the district court granted petitioner a stay under the Kelly procedure.  (ECF No. 46 at 7.)

On May 16, 2011, petitioner filed an amended petition raising only exhausted claims:

1. Defense counsel provided ineffective assistance of counsel by failing to raise a confrontation clause challenge to the DNA evidence presented at trial;

2. The trial court violated petitioner's Fourth Amendment rights by denying his motion to suppress DNA databank evidence;

3. The trial court erred by not *sua sponte* instructing the jury on the lesser included offenses to rape and aggravated kidnapping; and

4. The trial court erred by imposing the upper term in violation of the Apprendi/Blakely doctrine.

(ECF No. 47.)

---

[5] In 2007, the Ninth Circuit overruled Kelly on other grounds.  Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) (In the absence of a request from a pro se habeas petitioner, a district court is not required sua sponte to consider whether it should stay and abbey a mixed habeas petition consisting of both exhausted and unexhausted claims, or to inform petitioner of this option.).

By order filed July 19, 2011, the district court extended petitioner's counsel's appointment under the Criminal Justice Act ("CJA"), and authorized CJA funds "only to investigate and exhaust the Eastman claim." (ECF No. 53 at 4.)

On September 2, 2011, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, Case No. 11F06557, raising petitioner's unexhausted ineffective assistance of counsel claims. (ECF No. 75-2 at 1-4.) The superior court found all of the claims barred by In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Clark, 5 Cal.4th 750, 774-75 (1993),[6] and noted that many of the claims were raised and rejected in petitioner's new trial motion, and could have been but were not raised on appeal. (Id.) The California Court of Appeals for the Third Appellate district denied the writ of mandate on February 9, 2012. (ECF No. 75-3.) The California Supreme Court denied the petition for writ of habeas corpus on July 11, 2012, citing In re Robbins, 18 Cal. 4th at 780. (ECF No. 75-4.) None of these state courts reached the merits of petitioner's proposed ineffective assistance of counsel claims.

On October 17, 2011, petitioner notified the district court that he would not be pursuing the Eastman claim. (ECF No. 54.)

By order filed February 8, 2012, the instant action was returned from the visiting district judge, and reassigned to the previously-assigned district and magistrate judges. (ECF No. 60.)

On February 9, 2012, the California Court of Appeal for the Third Appellate District denied petitioner's writ of mandate. (ECF No. 75-3.) On July 11, 2012, the California Supreme Court denied the petition for writ of habeas corpus, citing In re Robbins, 18 Cal.4th at 780. (ECF No. 75-4.)

On March 19, 2013, petitioner filed a motion to lift the stay, and a motion to amend the petition, along with a proposed second amended petition. (ECF No. 75.) The proposed second amended petition raises the following claims:

1. Defense counsel provided ineffective assistance of counsel by failing to raise a confrontation clause challenge to the DNA evidence presented at trial;

---

[6] See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a California court's citation to Robbins is a "clear ruling" of untimeliness).

      2. The trial court violated petitioner's Fourth Amendment rights by denying his motion to suppress DNA databank evidence;

      3. The trial court erred by not sua sponte instructing the jury on the lesser included offenses to rape and aggravated kidnapping;

      4. The trial court erred by imposing the upper term in violation of the Apprendi/Blakely doctrine; and

      5. Defense counsel provided ineffective assistance of counsel by his own conduct and by participating in and/or failing to object to juror misconduct.

(ECF No. 75-1.)

      On April 30, 2013, respondent filed an opposition to the motion to amend. (ECF No. 80.) On June 11, 2013, petitioner filed a reply. (ECF No. 84.)

III. Motion to Lift Stay

      Petitioner recently exhausted the fifth claim contained in the proposed second amended petition. Respondent does not oppose the motion to lift the stay. Good cause appearing, the motion to lift the stay is granted. The court turns now to petitioner's motion to amend by first addressing respondent's claim that the proposed new claim is barred by the statute of limitations.

IV. Statute of Limitations

      Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

7

applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Petitioner was convicted on December 20, 2004. (ECF No. 65.) Petitioner filed a timely appeal, and on November 10, 2004, the California Court of Appeal, Third Appellate District, affirmed the conviction, without prejudice to petitioner seeking further relief pursuant to Cunningham v. California, No. 05-06551, the effect of Blakely, 542 U.S. at 296, and United States v. Booker, 543 U.S. 220 (2005), on California law. (Respondent's Lodged Document ("LD") E.)[7] On February 23, 2007, the appellate court ordered supplemental briefing pursuant to Cunningham. (LD F.) On May 10, 2007, the appellate court affirmed petitioner's conviction. (LD I.) Petitioner filed a petition for review in the California Supreme Court. On September 12, 2007, the California Supreme Court dismissed the petition for review in light of People v. Black, 41 Cal. 4th 799 (2007), cert. denied, 128 S. Ct. 1063 (2008).[8] (LD J.)

Petitioner's conviction became final ninety days later, on December 11, 2007, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on December 12, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on Friday, December 12, 2008. The original petition, constructively filed on May 29, 2008, was filed well within the statute of limitations period. Thus, the first four claims raised in the proposed second amended petition were timely filed.

---

[7] Respondent lodged documents with the answer on September 16, 2008. (ECF No. 17.)

[8] In Black, the California Supreme Court found that a single aggravating factor is a sufficient basis for the imposition of the upper term. People v. Black, 41 Cal. 4th at 813-15.

However, as to petitioner's proposed fifth claim, such new claim is not timely, as it was filed in 2013, long after the statute of limitations period expired. Prior to the running of the statute of limitations, petitioner filed no collateral challenges in state court to toll the statute of limitations period. Thus, the limitations period expired on December 12, 2008. The filing of a federal habeas petition does not stop the statute of limitations period from running. See Duncan v. Walker, 533 U.S. 167, 182 (2001) (AEDPA statute of limitations is not tolled "during the pendency of [a] . . . federal habeas petition.") Moreover, state habeas petitions filed after the one-year statute of limitations period has expired do not revive the statute of limitations, and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Similarly, petitioner is not entitled to a later accrual date for the filing period. Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner's proposed ineffective assistance of counsel claims are based on alleged improprieties during the trial held in 2004. Thus, petitioner was aware of the factual predicate of these claims during the 2004 trial. In addition, as noted by the Sacramento County Superior Court, many of these proposed claims were raised and rejected in petitioner's motion for a new trial, and could have been, but were not raised on appeal. (ECF No. 75-2 at 6; Clerk's Transcript ("CT") at 615-20.) Thus, petitioner is not entitled to a deferred starting date based on 28 U.S.C. § 2244(d)(1)(D).

Also, petitioner did not address the issue of equitable tolling. The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010). These extraordinary circumstances must also be "the cause of his untimeliness ... and ... ma[d]e it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

////

Here, the limitations period expired on December 12, 2008, and the record reflects that petitioner was aware of the alleged misconduct of counsel in 2004. Petitioner did not address the issue of equitable tolling in the reply. (ECF No. 84.) Petitioner fails to explain how he pursued his rights or what, if any, circumstances stood in his way to prevent him from raising the proposed ineffective assistance of counsel claims.

However, in the March 31, 2011 order, the district court reiterated petitioner's reasons for failing to exhaust these claims in state court: (1) his appellate attorney failed to raise the additional grounds for the ineffective assistance of counsel claim on direct appeal despite Mr. Harmon specifically asking him to do so; (2) he did not learn about the controversy surrounding Mr. Eastman until 2006; (3) he is a layperson without knowledge of the law; (4) he is incarcerated and indigent and unable to investigate his claims; (5) until recently, he has been proceeding pro se on his habeas petition; and (6) the court did not rule that the claims were unexhausted until April 16, 2010, nearly two years after he filed his petition. (ECF No. 46 at 5.)

As explained more fully below, none of these reasons demonstrate petitioner is entitled to equitable tolling. Petitioner's first reason, that he told his appellate counsel to raise the proposed ineffective assistance of counsel claims on appeal, does not merit equitable tolling because appellate counsel's failure to raise these claims on appeal did not preclude petitioner from raising such ineffective assistance of counsel claims on his own by way of a collateral challenge in state court. The second reason is now moot because petitioner has not included the Eastman claim in the proposed amended petition.

The third, fourth, and fifth reasons are also unavailing. Petitioner's lack of knowledge of the law and lack of legal assistance do not establish "extraordinary circumstances" preventing him from timely filing a federal habeas petition. The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to justify equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause); Fisher v. Ramirez-

10

Palmer, 219 F.Supp.2d 1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of the law does not constitute such extraordinary circumstances." ([Citations omitted.]); Sperling v. White, 30 F.Supp.2d 1246, 1254 (C.D. Cal. 1998) (citing with approval cases from various circuits rejecting equitable tolling based on petitioner's lack of legal experience or illiteracy).

Further, a petitioner's lack of legal assistance in preparing a federal petition does not justify a failure to timely file a federal habeas petition because prisoners in California are not entitled to legal assistance in collateral proceedings as a matter of right. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (a prisoner "has no underlying constitutional right to appointed counsel in state postconviction proceedings"); see also Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"); Lawrence v. Florida, 549 U.S. 327, 336 (2007) (rejecting petitioner's argument that counsel's mistake in miscalculating limitations period was not sufficient to warrant equitable tolling because "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"). Accordingly, petitioner's lack of legal assistance and knowledge of the law do not justify equitable tolling of the limitations period.

Finally, petitioner contends that the court "did not rule that the claims were unexhausted until April 16, 2010, thus informing Mr. Harmon of the need to take additional steps." (ECF No. 45 at 5.) Although the two year delay was unfortunate, such delay does not constitute extraordinary circumstances. "Petitioner only discusses normal occurrences in the judicial process. . . . delays are commonplace." Paris v. Neotti, 2013 WL 5322708, *9 (S.D. Cal. 2013) (equitable tolling denied where untimeliness due to petitioner's lack of diligence and not to external forces beyond his control). Petitioner's pro se petition demonstrates that petitioner was aware at least by May 29, 2008, that he had not exhausted his state court remedies as to all of his claims. (ECF No. 1 at 5.) More importantly, any delay by the court after petitioner filed in federal court, does not explain petitioner's lack of diligence in bringing the proposed ineffective

11

assistance of counsel claims within a reasonable time after he became aware of the facts supporting such claims during the 2004 trial. Indeed, petitioner concedes he was aware of these claims because he alleges he asked appellate counsel to include such claims in the appeal. (ECF No. 46 at 5:5-6.) Once petitioner realized appellate counsel did not raise such claims, petitioner should have filed such claims on his own. Upon learning of appellate counsel's failure to raise these claims on appeal, petitioner could have filed a state habeas petition raising such claims, which would have tolled the statute of limitations period. The court finds that the court's initial delay in finding certain claims unexhausted does not merit the application of equitable tolling.

For all of the above reasons, petitioner failed to demonstrate that he diligently pursued his rights, but that extraordinary circumstances beyond his control prevented him from timely filing the proposed ineffective assistance of counsel claims. Thus, equitable tolling does not apply.

V. <u>Motion to Amend/Relation Back</u>

The court now considers whether proposed claim five would be timely because its filing would relate back to the filing of one of the original four claims. Petitioner contends the proposed second amended petition relates back to the original and amended petitions because the petitions included an ineffective assistance of counsel claim for failing to raise a confrontation clause challenge to the DNA evidence presented at trial -- a claim petitioner contends is "necessarily related to the ineffective assistance of counsel claims petitioner later exhausted." (ECF No. 84 at 8.) Respondent counters that petitioner's proposed claim five does not relate back to the timely raised claims because nothing in proposed claim five involves DNA evidence. (ECF No. 80 at 4.)

Rule 15(c)(2) of the Federal Rules of Civil Procedure is the provision applied to habeas proceedings by the Supreme Court in <u>Mayle v. Felix</u>, 545 U.S. 644 (2005) ("This case involves two federal prescriptions: the one-year limitation period imposed on federal habeas corpus petitioners by the . . . AEDPA, 28 U.S.C. § 2244(d) (1); and the rule that pleading amendments relate back to the filing date of the original pleading when both the original plea and the amendment arise out of the same 'conduct, transaction, or occurrence,' Fed. Rule Civ. P. 15(c)(2)."). Thus, a new claim in an amended petition that is filed after the expiration of the one-

12

year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c), on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle, 545 U.S. at 644. This rule has been construed by the Supreme Court in habeas cases to require more than "relation back" generally to petitioner's "trial conviction or sentence," but rather "the existence of a common 'core of operative facts' uniting the original and newly asserted claims;" that is, that "the claims added by amendment [must] arise from the same core facts as the timely filed claims, and not . . . upon events separate in 'both time and type' from the originally raised episodes." Id., 545 U.S. at 657, 659; Schneider v. McDaniel, 674 F.3d 1144, 1150 (9th Cir. 2012). A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. Mayle, 545 U.S. at 659 & n.5. In Mayle, the Supreme Court noted two cases where relation back was permitted:

> For example, in Mandacina v. United States, 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in Woodward v. Williams, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. See also 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15-82 (3d ed.2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

Mayle, 545 U.S. at 664 n.7. "A petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance." Haithcock v. Veal, 2009 WL 3157480, *3 (S.D. Cal. Sept. 24 2009) (quoting United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)); see also Galaz v. Harrison, 2007 WL 951352, *21 (E.D. Cal. March 27, 2007) (same).

13

"If the newly exhausted claim is not timely under the AEDPA or the relation-back doctrine does not apply, it may not be added to the existing petition. . . ." Garcia v. Evans, 2012 WL 90553, *2 (E.D. Cal. Jan. 6, 2012).

Here, the first ineffective assistance of counsel claim relates solely to counsel's failure to challenge DNA evidence. Petitioner's proposed new claim alleges defense counsel was ineffective at trial, but relates to defense counsel's transformation from male to female during the trial, as well as counsel's alleged misconduct at trial. These proposed new ineffective assistance of counsel claims address defense counsel's actions during trial, unrelated to the DNA evidence. As such, these proposed new claims do not share a common core or transaction with the ineffective assistance of counsel claim related to the DNA evidence.

In addition, petitioner's proposed new ineffective assistance of counsel claims are unrelated, both in time and type, to any of the other claims alleged in the amended petition. The other claims raised in the amended petition, as set forth above, allege an error in the admission of evidence at trial, and alleged errors in jury instructions and at sentencing. Thus, the proposed ineffective assistance of counsel claims differ in both time and type from the other three claims set forth in the proposed second amended petition.

Because the proposed new ineffective assistance of counsel claims are unrelated to the common core of operative facts on which his four timely claims are based, the proposed claim five does not relate back and is barred by the statute of limitations.

Petitioner contends that the court should apply Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000), and find that the second amended petition relates back to petitioner's original petition, which contained the unexhausted claim. However, "Anthony does not stand for the proposition that a second habeas petition can relate back to a previously dismissed first petition, but merely endorsed the district court's exercise of its equitable power to correct a mistake." Rasberry, 448 F.3d at 1155. "[W]e hold that a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." Id.

////

Petitioner's reliance on Goff v. Salinas, 2013 WL 943438 (E.D. Cal. 2013), is also unavailing. In Goff, the court dismissed the federal habeas petition with leave to amend because the petition included challenges to two distinct disciplinary decisions, and a petitioner may only challenge one state court judgment in a single federal habeas petition. Id., at *2. No claims were dismissed as untimely or unexhausted; rather, the inmate was directed to omit claims presented in a separate action. Id. The court clarified: "Had petitioner's April 2012 amendment added new claims regarding the alcohol possession proceeding, those would be time-barred unless they related back to the originally-pled claims." Id. at *3. In Goff, the AEDPA clock only stopped running because the inmate had timely raised all of his claims. As set forth above, the filing of a federal petition does not toll the statute of limitations. See Duncan v. Walker, 533 U.S. at 182.

Finally, petitioner argues that respondent waived the right to assert procedural default because respondent failed to assert the procedural default as an affirmative defense in its 2008 answer, or in the opposition to petitioner's motion for stay and abeyance. (ECF No. 84 at 5.) Petitioner cites Franklin v. Johnson, 290 F.3d 1223, 1233 (9th Cir. 2002),[9] and incorporates petitioner's arguments included in his January 26, 2011 reply. (ECF No. 84 at 5, citing ECF No. 45.) Respondent did not address the issue of waiver.

"Under the Federal Rules of Civil Procedure, a party . . . is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived." Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005). However, a state only forfeits its statute of limitations defense if it intentionally waived this defense. Day v. McDonough, 547 U.S. 198, 202 (2006). In Day, a state's miscalculation of the AEDPA statute of limitations leading to their failure to raise the statute of limitations in the responsive pleading did not constitute an "intelligent waiver on the [s]tate's part." Id. The Supreme Court held that the state did not forfeit the statute of limitations defense because there was no evidence that the state "strategically withheld the defense or chose to relinquish it[,] . . . [rather,] it was merely an inadvertent error." Id. at 211. Moreover, on April

---

[9] In Franklin, the Ninth Circuit "held that the state may not raise a defense of procedural default for the first time before the court of appeals." Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005). "[T]he defense of procedural default should be raised in the first responsive pleading in order to avoid waiver." Id. at 1046.

24, 2012, the Supreme Court held that a federal court of appeals has the authority, but not the obligation, to address the timeliness of a state prisoner's federal habeas petition on the court's own initiative.  Wood v. Milyard, 132 S. Ct. 1826 (2012).

> Affording federal courts leeway to consider a forfeited timeliness defense was appropriate, we again reasoned, because AEDPA's statute of limitations, like the exhaustion doctrine, "implicat[es] values beyond the concerns of the parties." Day, 547 U.S., at 205, 126 S. Ct. 1675 (quoting Acosta v. Artuz, 221 F.3d 117, 123 (C.A.2 2000)); 547 U.S., at 205-206, 126 S. Ct. 1675 ("The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." (internal quotation marks omitted)).

Wood, 132 S. Ct. at 1833.  However, if the state deliberately and intelligently forfeited the limitations defense, a court of appeal abuses its discretion in considering *sua sponte* the timeliness issue.  Id. at 1834-35.

Here, petitioner argues that respondent waived any procedural default argument by failing to plead such affirmative defense in the September 16, 2008 answer (ECF No. 16), or to argue the issue in the September 17, 2010 opposition to petitioner's motion for stay (ECF No. 36).  (ECF No. 84 at 5.)  Indeed, in the September 16, 2008 answer, respondent stated that the "petition does not appear subject to dismissal as untimely filed" (ECF No. 16 at 7.)

However, there is no evidence that respondent deliberately or intentionally waived a statute of limitations defense.  The original petition was timely filed on May 29, 2008, and the statute of limitations did not expire until December 12, 2008.  As set forth above, respondent noted petitioner's failure to exhaust certain claims in the answer.  In the October 22, 2010 order, the district judge sought further briefing on the issue of procedural default noting that the statute of limitations had expired.  (ECF No. 38.)  In the opposition to the motion for stay, respondent argued that petitioner was aware of the factual bases of his unexhausted claims at the 2004 trial, yet failed to offer the claims until almost four years later.  (ECF No. 36 at 7.)  Respondent argued that petitioner provided "no explanation" as to "why he did not timely raise the claims in the state courts."  (Id.)  Such statements by respondent cannot be deemed a waiver of the defense.

16

The court concedes that respondent's response to the further briefing order was equivocal, stating that respondent did not know whether petitioner's unexhausted claims would be deemed procedurally barred as untimely in state court, but stated it was "unlikely that a habeas petition containing petitioner's unexhausted claims [would] be deemed timely." (ECF No. 41 at 6.) However, such statements, fairly read, do not constitute an intentional waiver of an affirmative defense.

Also, the record reflects that the district court contemplated petitioner amending the petition to include the claim that Mark Eastman allegedly mishandled DNA evidence submitted at petitioner's trial based on information petitioner allegedly learned in 2006. (See, e.g., ECF No. 53 at 4.) Thus, an equivocal response was not inappropriate because the record was unclear whether plaintiff's Eastman claim was timely based on a later accrual argument. Therefore, at the time of the filing of the 2008 answer, as well as respondent's 2010 response to the motion for stay, it was unclear whether all the amendments petitioner requested were valid or untimely. It was not until October 17, 2011, that petitioner notified the court that he would not pursue the Eastman claim. (ECF No. 54.)

Importantly, respondent pled petitioner's failure to exhaust certain claims in the 2008 answer, and noted the unexhausted claims were likely untimely in the response to the district court's further briefing order. Unlike the situation in Wood, 132 S. Ct. at 1826, where the state twice informed the district court it would not challenge the timeliness of Wood's petition, respondent took no such position in this case.

Here, respondent did not expressly waive the statute of limitations defense, and did not overlook a failure to exhaust argument, but raised the failure to exhaust issue in the answer and noted that petitioner's unexhausted claims were likely untimely in the response to the district judge's further briefing order (ECF No. 41). Moreover, although the initial delay in the court's review of this case is regrettable, it is not unusual, and petitioner's original filing made clear that petitioner was aware at the time he initially filed this action that he had not exhausted his state court remedies as to all of his claims contained therein.

////

For all of the above reasons, this court cannot find that respondent intelligently chose to waive or forfeited the right to assert the statute of limitations defense.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to lift the stay be granted;

2. Petitioner's motion to amend (ECF No. 75) be denied, and this action shall proceed on the May 16, 2011 amended petition (ECF No. 47); and

3. Within thirty days from any district court order adopting the instant findings and recommendations, petitioner may file a reply to respondent's September 16, 2008 answer (ECF No. 16).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 7, 2013

harm1218.mta

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE